**Carl A. MAULFAIR, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 84–1382.**

United States District Court, M.D. Pennsylvania.

Jan. 31, 1985.

Keith L. Kilgore, Spitler & Kilgore, Lebanon, Pa., for plaintiff.

Harry A. Nagle, Asst. U.S. Atty., Lewisburg, Pa., for defendant.

## MEMORANDUM

CALDWELL, District Judge.

Plaintiff, Carl A. Maulfair, alleges in his complaint that the defendant, The United States of America, negligently failed to diagnose from routine annual chest x-rays taken as part of plaintiff's employment with the Veterans Administration a cancerous tumor in his left lung. He asserts he has been forced to undergo medical treatment he would not have had if the tumor had been diagnosed promptly. Defendant has filed a motion for summary judgment contending that the action is time barred by 28 U.S.C. § 2401(b). Plaintiff has filed a motion for judgment on the pleadings. We deny plaintiff's motion and dispose of defendant's motion as follows.

Summary judgment may only be granted if "there is no genuine issue as to any material fact" and the "moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The court must resolve any doubts as to the existence of genuine issues of fact against the moving party, and inferences to be drawn from the evidentiary sources submitted to the court must be resolved in favor of the non-moving party. *Shabazz v. Odum*, 591 F.Supp. 1513 (M.D.Pa.1984).

Plaintiff's complaint, filed on October 16, 1984, alleges that the Veterans Administration Medical Center in Lebanon, Pennsylvania, where he worked, gave him chest x-rays on February 9, 1978 and January 25, 1979. The reports on each x-ray stated that no abnormality was revealed. (Complaint, ¶¶ 4–8). In March of 1979, after plaintiff became ill, his family physician ordered an x-ray which showed a spot on plaintiff's left lung. (¶¶ 9–11). On April 16, 1979, a malignant tumor was removed from the lung. (¶ 13).

The Federal Tort Claims Act waives the sovereign immunity of the United States and imposes certain procedural steps on the claimant. An aggrieved party must first present his claim to the appropriate administrative agency before bringing suit in a district court. 28 U.S.C. § 2675. Additionally, 28 U.S.C. § 2401(b) provides a limitations period for actions against the government. That section provides, in relevant part, as follows:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues....

Defendant asserts that plaintiff knew about his claim against the United States by at least November 14, 1979. That is the date on a handwritten letter from plaintiff to the Office of Worker's Compensation concerning an altercation between plaintiff and a co-worker at the Medical Center. In discussing that incident, unrelated to this cause of action, plaintiff referred to his surgery of April, 1979, and stated the following about the x-ray taken on January 27, 1979:

The one of Jan. showed the tumor (I was never notified by anyone to have this checked out).

(Affidavit of Raymer Kent, Assistant Chief of the Personnel Service at the Medical Center, with attached letter). Plaintiff filed a claim for malpractice with the Veterans Administration on January 8, 1982, (Affidavit of Stephen Minichuk with attached claim form), more than two years after he knew about the failure to diagnose. Thus, defendant contends plaintiff's suit is barred.

The plaintiff has filed no evidentiary material in opposition. He does not question the authenticity of the letter. He merely

relies upon the allegations of his complaint that in April of 1980 his family physician asked to see the Veterans Administration x-rays, requested that a radiologist examine them, and that it was then determined that these x-rays showed the cancer which was removed on April 16, 1979. (Complaint, ¶¶ 16–18). Hence, according to plaintiff, the claim against the agency came within two years of its discovery.

The purpose of a motion for summary judgment is to pierce the pleadings. *Walnorch v. McMonagle*, 412 F.Supp. 270 (E.D. Pa.1976). Plaintiff cannot rely upon the allegations of his complaint to oppose defendant's motion. Even if we considered these allegations, they are insufficient to overcome defendant's proof that plaintiff knew he had a claim on November 14, 1979, but failed to do anything about it until January 8, 1982. All that plaintiff's contentions show is that plaintiff's doctor ordered the Veterans Administration x-rays on April 14, 1980 and that the x-rays showed the malignancy later removed. They do not prove that plaintiff did not know about his claim before then. Buttressed by plaintiff's own words, we reject his contention that he could not have known about his claim until these x-rays had been examined by a doctor.

This case falls well within the rule of *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), dealing with when a claim accrues within the meaning of 28 U.S.C. § 2401(b). *Kubrick* also sets forth sound reasons why statutes of limitations should be strictly followed.

We will issue an appropriate order.

### ORDER

AND NOW, this 31st day of January, 1985, it is ordered that:

1. Plaintiff's motion for judgment on the pleadings or, in the alternative, for summary judgment be and is hereby denied.

2. Defendant's motion for summary judgment be and is hereby granted.

3. The Clerk of Court shall close this file.